Decided March 14, 1989

UNTIED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | DCA NO. 88-9001 CTC NO. 87-132 |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | OPINION |
| MARGARITA M. TENORIO, | ) ) ) | |
| Defendant-Appellant. | ) ) | |

Attorney for Appellant:      REYNALDO O. YANA
                             Attorney at Law
                             P.O. Box 52
                             Saipan, MP  96950
                             Telephone:  (670) 234-6529

Attorney for Appellee:       ALEXANDRO C. CASTRO
                             Attorney General
                             MIMI S. BUESCHER
                             Assistant Attorney General
                             2nd Flr., Administration Bldg.
                             Saipan, MP  96950
                             Telephone:  (670) 234-7111/7771

BEFORE: MUNSON, and HILL,* District Judges, and HEFNER, Judge.**

---

\*    The Honorable Irving Hill, Senior Judge, United States
     District Court for the Central District of California,
     sitting by designation.

\*\*   The Honorable Robert A. Hefner, Chief Judge, Commonwealth
     Trial Court, sitting by designation.

Munson, District Judge

Defendant/appellant Margarita M. Tenorio appeals her conviction in the Commonwealth Trial Court of receiving stolen property. For the following reasons, we affirm.

## FACTS

On June 4, 1987, Defendant/appellant Margarita M. Tenorio was charged in an amended superceding information with receiving stolen property. The charge involved a series of burglaries in the Commonwealth by members of the Santos family. Tenorio and her common-law husband Jose R. Santos lived in two houses on the same "compound" with the Santos family. Over a period of several months, members of the Santos family burglarized various homes and businesses on Saipan and returned to the compound with the proceeds from their crimes. On May 20, and 23, 1987, police raided the compound and recovered numerous items. Tenorio's house was searched wherein police recovered:

1. statues
2. a compressor
3. a small refrigerator
4. a cassette player with "MIHA"[1] written on it
5. a camera
6. a gold pen
7. tear gas
8. binoculars
9. earphones

---

[1] MIHA is an acronym which stands for Marianas Islands Housing Authority, one of the burglary victims.

The gold pen, earphones, and tear gas were in a locked briefcase inside Tenorio's house. Upon request by the police, Tenorio opened the combination lock on the briefcase by setting the tumblers to the correct numbers.

The government presented this evidence through the testimony of one of the arresting officers and several of the victims. Tenorio's motion for dismissal at the close of the government's case was denied.

Tenorio's defense was that the items found in her house were her brother-in-law's, Vicente Reyes Santos (hereinafter Santos). She testified that Santos, unemployed during this time, put these objects, valued at between $5,000 and $10,000, in her home and told her not to touch them because they belonged to him. Santos testified that he stole the things from the various sites and put them in Tenorio's house when she was not at home. He further testified that he knew the combination to Tenorio's briefcase and that he opened it and put some of the items in it. The trial court found Tenorio guilty of possessing stolen goods. She raises two issues in this appeal:.

1. WHETHER THE TRIAL COURT'S DENIAL OF TENORIO'S MOTION TO DISMISS WAS AN ABUSE OF DISCRETION; and

2. WHETHER ANY RATIONAL TRIER OF FACT COULD HAVE FOUND THAT TENORIO "POSSESSED" THE STOLEN PROPERTY FOUND IN HER HOME.

**682**

## STANDARD OF REVIEW

In reviewing a denial of a motion for acquittal, the appellate court views the evidence and draws all inferences in favor of the government and asks whether any reasonable trier of fact could have found beyond a reasonable doubt the essential elements of the offense. United States v. Toomey, 764 F.2d 678, 680 (9th Cir. 1985), cert. denied, 474 U.S. 1069 (1986). The test is the same whether the evidence is direct or circumstantial. United States v. Silberman, 464 F.Supp. 866, 869 (M.D.Fla. 1979).

The appellate court reviews challenges to sufficiency of the evidence to sustain a conviction under this same standard. United States v. Irvin, 736 F.2d 1489, 1491 (11th Cir. 1984).

## ANALYSIS

### 1. The Denial of the Motion for Acquittal

To overcome a motion for acquittal, the government had the burden of presenting evidence from which a reasonable trier of fact could have found beyond a reasonable doubt the essential elements of receiving stolen property. United States v. Toomey, 764 F.2d 678, 680 (9th Cir. 1985), cert. denied, 474 U.S. 1069 (1986). Title 6 CMC section 1606 defines receiving stolen property as:

> (a) A person commits theft if he or she purposely receives, retains, or disposes of property of another knowing that it has been stolen or having reasonable cause to believe under all of the circumstances that it has probably been stolen. It is an affirmative defense that the

property is received, retained or disposed with purpose to restore it to the owner.

(b)     Receiving means acquiring possession, control or title to the property.

The government's case included the testimony of Detective Camacho. Camacho testified that he was present when various items were recovered from Tenorio's house. He also testified that Tenorio opened the briefcase found in her house where police discovered the gold pen, earphones, and tear gas. Other witnesses testified that they were the owners of these items.

Tenorio argues that the government failed to present evidence that she knew that the items were stolen. She argues that mere possession alone is insufficient.

The fact that the evidence presented by the government was circumstantial does not alter the standard. United States v. Silberman, 464 F.Supp. 866, 869 (M.D.Fla. 1979). The cassette player found in Tenorio's house had the acronym "MIHA" stamped on it. Tenorio was put on notice when the cassette player was put in her house that it belonged to someone, or in this case something, other than her brother-in-law.

Tenorio also knew that her brother-in-law was unemployed. Accepting all inferences in favor of the government, the value of these items was $10,000. A reasonable trier of fact could conclude that when an unemployed relative places $10,000 worth of goods in a person's home, some of which are clearly identified as belonging to

684

someone other than the relative, that that person "knows" that the goods are stolen.

The trial court's denial of Tenorio's motion for acquittal should be affirmed.

## 2. The Sufficiency of the Evidence

The Court here asks itself whether any reasonable trier of fact could have found beyond a reasonable doubt all the essential elements of receiving stolen property. <u>United States v. Irvin</u>, 736 F.2d 1489, 1491 (11th Cir. 1984).

Tenorio argues that the government failed to prove that Tenorio possessed the stolen goods found in her house and in her briefcase. Her theory, presented through her testimony and her brother- in-law's, was that Santos put all these goods in her house and told her not to touch them.[2] He also testified that he put the pen, earphones, and tear gas in the locked briefcase belonging to Tenorio for which he had the combination. According to Tenorio's theory, the goods in her home and inside her briefcase were actually being "possessed" by her brother-in-law since he had told her not to touch them.

Tenorio's theory of the case is implausible. She assumes, however, that the court should accept her theory and require the

---

[2]  Santos' testimony actually contradicted Tenorio's in that he stated that the goods were placed in the house when no one was there.

**685**

government to overcome testimony of her and Santos that she never possessed the goods.

The reasonable inference that can be drawn from the facts in this case lead any reasonable trier of fact to conclude that Tenorio possessed stolen property found in her home and in her locked briefcase. A different result defies common sense.

The trial court's conviction is AFFIRMED.

_____
Judge Alex R. Munson

_____
Judge Irving Hill

_____
Judge Robert A. Hefner

686